UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0087-TWP-TAB-01 |
| | ) | |
| GREGORIO LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 30, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 7, 2013 and a supplemental petition filed on December 11, 2013. Defendant Lopez appeared in person with his appointed counsel, William Dazey. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Lopez of his rights and provided him with a copy of the petition. Defendant Lopez waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Lopez admitted violations 1, 3, 4, 5, 6, 7, 8, and 9. [Docket Nos.13 and 18.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| | |

1  **"The defendant shall participate in a substance abuse aftercare treatment program under a co-payment plan, which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer."**

As previously reported to the Court, the offender failed to report for random urine testing on August 10, September 18, 24, and 27, 2012.

Additionally, the offender failed to report for random urine testing on December 28, 2012, January 1, 15, 17, and 23, 2013.

3  **"The defendant shall report to the probation officer as directed."**

The probation officer has had no contact with the offender since December 11, 2012. Numerous attempts have been made to contact him at his residence and via telephone, with no success. His telephone is no longer in service. On January 10, 2013, a note was left on the door of his apartment instructing him to contact the probation officer, which he failed to do. On January 16, 2013, an attempted visit with the offender at his residence resulted in contact with his apartment manager. The manager had also been trying to locate the offender as he is behind on rent. The manager permitted access to the offender's apartment, and inside on the kitchen counter was the note previously left for the offender by the probation officer. Contact was also attempted with the offender's girlfriend at her residence on January 10, 2013. A woman answered and state they had not been able to locate the offender either.

4  **"The defendant shall perform 32 hours of community service as directed by the probation officer."**

As a sanction for failing to report for random urine testing, Mr. Lopez' conditions of supervision were modified by the Court on November 1, 2012, to include 32 hours of community service. He was instructed to complete the community service hours within 60 days. To date, the offender has not provided documentation of any hours completed.

5  **"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons."**

| | |
|---|---|
| 6 | **"The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.** |

After several unsuccessful attempts to make contact with the offender in October 2012, an employment contact was made with the human resources manager on October 24, 2012. The employer informed the probation officer the offender was terminated on September 10, 2012, for not reporting to work. When contact was finally made with the offender on October 25, 2012, he initially told the probation officer he was still working at his job. After informing him of the information his employer provided to the probation officer, Mr. Lopez admitted losing his job and stated he was scarred to tell the probation officer. The offender has not been employed since September 10, 2012.

| | |
|---|---|
| 7 | **"The defendant shall not commit another federal, state, or local crime."** |
| 8 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 9 | **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."** |

On November 15, 2013, the offender was arrested by the Anderson Police Department and charged with maintaining a common nuisance, dealing marijuana over 30 grams, possession of marijuana over 30 grams, serious violent felon in possession of a handgun, and false informing.

The arrest was a result of an investigation by the Anderson P lice Department after the Department of Child Services (DCS) received a report of illegal drug activity in an apartment rented by the offender and his girlfriend. Upon gaining entry, officers found a portable room located in the apartment. Inside the room were hydroponic lights shining on five separate posted marijuana plants, each of which had matured to a height of five to six feet tall. In and around the room were numerous items related to growing marijuana which included: fertilizers; pruning instruments; lighting equipment; power converters; and extension cords. In the bedroom were an additional 10 water bottles sitting on top of a bedside table, each having a single marijuana plant growing in it. Also located in the bedroom was a .380 semiautomatic pistol. Both the offender and his girlfriend stated they were fearful of a home-invasion robbery, based upon their marijuana grow operation, and agreed Mr. Lopez would maintain the gun in a bedroom drawer or his possession when he was at the residence. The fun was located inside a dresser drawer where Mr. Lopez kept his belongings.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade A violation.

   (b) Defendant's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 15 to 21 months' imprisonment.

5. The parties jointly recommended a sentence of 9 months in the custody of the Federal Bureau of Prisons with no supervised release to follow. The sentence is to run consecutively to Defendant Lopez's State sentence for cause number 48C04-1311-FB-2276.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 9 months with no supervised release to follow. The sentence is to run consecutively with Defendant Lopez's State sentence for cause number 48C04-1311-FB-2276. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: May 12, 2015

*Denise LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal